# EXHIBIT F

to the Complaint in

**COMMONWEALTH OF MASSACHUSETTS,**
**by its Executive Office of Human Services**

**v.**

**MICHAEL O. LEAVITT, in his official capacity**
**as Secretary of Health and Human Services, et al.**

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
JFK Federal Building, Government Center
Room 2275
Boston, Massachusetts 02203

**CMS**
*CENTERS for MEDICARE & MEDICAID SERVICES*

Division of Medicaid and Children's Health / Region I

December 30, 2003

RECEIVED
JAN 06 2004

RECEIVED
DEC 31 2003
FC401000 X
DIVISION OF MEDICAL ASSISTANCE
COMMISSIONER'S OFFICE

Beth Waldman, Acting Commissioner
Division of Medical Assistance
600 Washington Street
Boston, Massachusetts 02111

Dear Ms. Waldman:

This letter is in response to your letter of May 22, 2003, regarding your understanding of State Medicaid Director (SMD) letter #03-004. Specifically, you were seeking confirmation of your understanding of the SMD letter as it applies to the process which a State Medicaid agency may use to recover Medicaid payments if the existence of a liable third party, such a Medicare or commercial insurance, is identified after a Medicaid claim is paid. You posed four questions, which follow, with our response.

1) To effectuate recovery of Medicaid payments made prior to identification of a liable third party, can the Division of Medical Assistance (DMA) require the provider to bill the third party when the third party is (a) Medicare or (b) a commercial insurer? If your answer differs depending on whether the third party is Medicare or a commercial insurer, would you please explain and provide the statutory authority for the distinction.

Response: If the state learns of the existence of a liable third party after the claim has been paid, the state must seek recovery from that liable third party (Section 1902(a)(25)(B) of the Social Security Act and implementing Federal Regulations at 42 CFR 433.139(d)). However, when the liable third party is Medicare, there is no statutory authority under Medicare to allow a state to seek recovery and be paid directly from Medicare. Medicare allows only providers to bill and be paid by Medicare. In this case, the state may timely request the provider to submit a bill timely to Medicare.

2) Can the DMA recover Medicaid payments directly from the provider under circumstances where a beneficiary has asked the provider to timely submit the claim to Medicare and the provider does not do so?

Response: If a provider does not bill Medicare timely after being timely requested to submit a bill, then the provider may violate its provider agreement if it attempted to

Page 2 – Beth Waldman, Acting Commissioner

charge a beneficiary or the state (or retain any charge already collected, other than any applicable deductible or coinsurance).

3) After paying a Medicaid claim, does the DMA, as subrogee of the beneficiary, have the right to require the provider to submit a demand bill to Medicare?

Response: Yes. The state has the same right as a beneficiary would have to request a provider to submit a demand bill to Medicare.

4) If the provider fails to submit a demand bill to Medicare in a timely manner, pursuant to Item 3, does the DMA have the right to recover Medicaid payments from the provider directly?

Response: Yes. Where the provider fails to submit a demand bill in a timely manner, pursuant to Item 3 above, neither Medicare nor Medicaid rules prevent a state from recouping its payment from the provider.

We trust that our responses have clarified your understanding of SMD letter #03-004, as put forth by your questions. Should you have further questions, please do not hesitate to contact me.

Sincerely yours,

Bruce D. Greenstein
Associate Regional Administrator