# EXHIBIT G

**to the Complaint in**

**COMMONWEALTH OF MASSACHUSETTS,**
**by its Executive Office of Human Services**

**v.**

**MICHAEL O. LEAVITT, in his official capacity**
**as Secretary of Health and Human Services, et al.**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
C.A. NO. 01451-H

| | | |
|---|---|---|
| ATLANTICARE MEDICAL CENTER, et al. | ) | Notice sent 7/29/2004 |
| Plaintiffs, | ) | C. E. K. <br> K. LAW OFFS. <br> H. T. <br> J. E. B., JR. |
| v. | ) | |
| MARK REYNOLDS, ACTING COMMISSIONER OF THE DIVISION OF MEDICAL ASSISTANCE, Defendant. | ) | (sc) |

## MEMORANDUM AND ORDER ON DEFENDANT'S EMERGENCY MOTION TO MODIFY THE DECLARATORY JUDGMENT

### INTRODUCTION

The defendant, Mark Reynolds, Acting Commissioner of the Division of Medical Assistance (the "Division"), filed a Motion to Modify the Declaratory Judgment pursuant to Mass. R. Civ. P. 59(e) and 60(b). Specifically, the defendant asks this Court to modify the declaratory judgment entered by the Superior Court and affirmed by the Supreme Judicial Court (the "SJC") in this matter. *Atlanticare Medical Center v. Commissioner of the Division of Medical Assistance,* 439 Mass. 1 (2003). For the following reasons, the defendant's motion is **DENIED.**

### BACKGROUND

This case was originally brought by the plaintiff hospitals through the Division's administrative process where they appealed the Division's "overpayment determinations" to its Board of Hearings (the "Board"). The Division, which acts as the Commonwealth's administrator of its Medicaid program, known as MassHealth, was headed by acting

Commissioner Wendy Warring at the time of the original appeal. Ms. Warring's successor is the current defendant, Mark Reynolds.

The Board ordered that the hospitals return payments made to them by the Division pursuant to the Division's reimbursement regulation, 130 Code Mass. Regs. § 450.316(E) (1998). The regulation requires that healthcare providers return the Division's payment for services if a liable third party is later identified, putting the burden on the providers to then seek payment from the third party. The only situations that were subject to dispute were those in which the provider had complied with the Division's "due diligence" requirement in seeking to identify any potentially liable third party before seeking Medicaid funds, as Medicaid is statutorily deemed the "payer of last resort" under G.L. c. 118E, § 23, fourth par. See also *Briggs v. Commonwealth*, 429 Mass. 241, 256 (1999) ("Medicaid is an insurer of last resort"); *Wesley Health Care Ctr., Inc. v. Debuono*, 244 F.3d 280, 281 (2d Cir. 2001) (Medicaid is "payor of last resort").

Subsequent to the Board's ruling in favor of the Division, the plaintiffs brought an action in Superior Court seeking judicial review of the decision under G.L. c. 30A, § 14. Specifically, the hospitals sought a declaratory judgment that the Division could not enforce its reimbursement regulation against them, as it was inconsistent with federal law and, therefore, unlawful. The Honorable Patrick King of this Superior Court entered a judgment annulling the decision of the Board and declaring that the reimbursement regulation is inconsistent with federal regulation 42 U.S.C. § 1396a(a)(25)(B) (2000),[1]

---

[1] Title 42 U.S.C. § 1396a(a)(25)(B) (2000) provides, in pertinent part, that, "in any case where [third-party] legal liability is found to exist after medical assistance has been made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery, ***the State or local agency*** will seek reimbursement for such assistance to the extent of such legal liability. [Emphasis added].

putting the responsibility on the Division, rather than on the providers, to seek reimbursement from any liable third party.

The Division appealed the decision of the Superior Court to the Appeals Court where it was transferred and heard under a motion by the SJC. Arguing before the SJC in support of its reimbursement regulation, the Division claimed that it is impossible for it to seek reimbursement directly from the liable third party when that third party is Medicare. According to the Division, Medicare will only pay directly to providers under 42 CFR §424.33 and 42 CFR §24.51. The SJC ruled that the Division did not have the authority to enforce its reimbursement regulation as to hospital providers in these circumstances and affirmed the decision of the Superior Court. In its decision, the SJC stated, "We reject the division's argument because we are not persuaded that it is impossible for the division to obtain reimbursement from Medicare." 439 Mass. 1, at 11. The high court went on to state: "...we hesitate to assign the burden of recovery to the hospitals, particularly where the hospitals have exercised diligent efforts to identify third-party liability in the first instance and, through no fault of their own, liability was discovered after they were properly paid." 439 Mass. 1, at 14.

On April 8, 2003, less than one month after the SJC decision was issued, the federal Centers for Medicare and Medicaid Services ("CMS") issued a State Medicaid Directors Letter (SMDL # 03-004). In that letter CMS stated its policy regarding how state Medicaid programs should proceed under federal law when the party from whom it seeks to recover funds is the federal Medicare program. As stated in SMDL #03-004, CMS's interpretation of the law allows the Division to request that the provider hospitals seek the funds from Medicare rather than the Division requesting the funds directly.

SMDL #03-004 asserts that "where the third party is Medicare, neither the Medicare nor the Medicaid statute, nor HHS's regulations or policies prohibit any state from recouping its Medicaid payment from providers." The letter also states that the provider hospitals must honor such requests. SMDL #03-004.

The defendant has provided several other letters and affidavits to this Court, the contents of which it claims were not available for the consideration of the SJC. These documents arguably confirm CMS's position that Medicaid cannot bill Medicare directly. They represent what the defendant asserts are the changed circumstances warranting a modification of the SJC decision.

Keith Reinhold, Senior Program Director at Health Management Services, which provides Medicare identification services for 18 State Medicaid agencies, filed one such affidavit. He states:

> "Neither MassHealth nor any other state Medicaid agency under contract with HMS (including those agencies in Michigan and Connecticut), nor upon information and belief, any other state Medicaid agency, can directly file Part A claims or institutional Part B claims with the Medicare fiscal intermediary, and payment will only be made to a provider." Reinhold Aff, ¶ 5.

While the Division has stated that it has been able to comply with the federal law and, thus, the SJC decision, in almost all third party liability cases, it now renews its argument that it cannot recover directly from Medicare. Thus, it seeks a modification providing for an exception to the SJC's decision, allowing it to resume its practice of recovering its funds through the hospitals when the liable third party is Medicare.

**DISCUSSION**

The defendant seeks modification of the Supreme Judicial Court's decision pursuant to Mass. R. Civ. P. 59(e) and 60(b)(5), the latter of which provides that a party

may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective application." Mass. R. Civ. P. 60(b)(5). The party seeking the modification "bears the burden of establishing that a significant change in circumstances warrants revision of the decree." *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992). Modification may be warranted when a party has demonstrated a significant change in law or one in fact that makes the continued compliance with the decree substantially more burdensome. *Id.* However, "...modification should not be granted where a party relies upon events that were anticipated at the time it entered into a decree." *Id* at 385. If the moving party meets this burden it is within this Court's discretion to consider "whether the proposed modification is suitably tailored to the changed circumstances." *Id.*

The Division argues that it has been put in a "catch-22" situation by the conflict between the SJC decision and CMS's policy as stated in SMDL #03-004. The Division is placed under an affirmative duty by 42 U.S.C. § 1396a(a)(25)(B) (2000) to seek reimbursement when it discovers the existence of a liable third party. It argues that if it were to ignore this duty the operation of the Medicaid program, as well as the federal funding it receives, would be put in jeopardy. The CMS letter, as well as the other supporting documents the defendant has submitted, contains language confirming the Division's contention that it is impossible for it to recover directly from Medicare. Pursuant to this language the Division asserts it cannot meet its statutory obligation unless the law is interpreted to allow it to recover from the hospitals. The SJC, however, has forbidden the Division to place such a burden on the hospitals, creating a situation in

which the Division claims it is unable to recover its funds at all from Medicare. 439 Mass. 1, at 14.

In opposition to these arguments and to the proposed modification, the plaintiffs assert that there has been no change in fact or law that would warrant a modification of the SJC's decision. They argue that the text of SMDL #03-004 merely represents CMS's interpretation of a federal law, which is not the kind of significant change (or actually any change at all) that is legally required to modify a court order under *Rufo.* 502 U.S. 367, 383. This Court agrees.

The highest court of a state has the power to declare that a state regulation is inconsistent with a federal law, and it is clear that the SJC acted under that authority in coming to its decision in *Atlanticare Medical Center v. Commissioner of the Division of Medical Assistance,* 439 Mass. 1. The Court stated: "The division has 'no inherent authority to issue regulations… or promulgate rules that conflict with the statutes or exceed the authority conferred by the statutes by which the agency was created.'" 439 Mass. 1, at 14, citing *Massachusetts Hosp Ass'n v. Department of Med. Sec.,* 412 Mass. 340, 342 (1992).

This Court finds the carefully reasoned and very analytical SJC decision in *Atlanticare* persuasive regarding the Medicare issue when compared to the broad and declaratory language contained in the CMS letter. In most respects, this letter restates the arguments that were already put forth by the Division and thus anticipated at the time of the SJC hearing. None of these arguments establishes to this Court's satisfaction that there is no possible way for the Division to recover from Medicare. As the *Rufo* decision has made clear, "…modification should not be granted where a party relies upon events

that were anticipated at the time it entered into a decree." *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 385

The SJC decision in *Atlanticare* held that the Division cannot seek to recover from the hospitals when the hospitals have done all that they can do under the due diligence requirement to determine whether a liable third party exists. 439 Mass. 1, at 14. The SJC found no evidence that the defendant had ever tried to recover directly from Medicare and had been turned down. *Id* at 13. Since that time the Division has attempted to become a qualified billing agency and been turned down by Medicare due to the impractical nature of such a process. See Division's Letter to Medicare Fiscal Intermediary (Associated Hospital Services) dated September 15, 2003 and Medicare Fiscal Intermediary's Reply to Division dated October 14, 2003. However, the Division has not shown that it has ever tried to force the issue with Medicare by demanding that it pay the funds for which it is liable.[2] In this Court's opinion, a decision of the SJC should not be modified, placing a burden on an innocent third party, where the Division believes that Medicare is liable for the funds and subject to a lawsuit in the event that it refuses to pay.

The issue of burdening the hospitals relates to the tailoring of the proposed modification as well. The *Rufo* decision states that, in the event that a lower court finds that the necessary change in circumstances has occurred to warrant a modification of a decree, the Court should then "determine whether the proposed modification is suitably tailored to the changed circumstance." 502 U.S. 367, 391. In setting forth several relevant factors in making such a determination, the Supreme Court stated: "...the focus should

[2] In fact, the defendant stated to this Court in its oral argument on 6/25/04 that if it were to sue Medicare, following in the footsteps of recent litigation in Connecticut, that it would be successful, and it is merely trying to save judicial resources by undertaking the billing process through the hospitals.

be on whether the proposed modification is tailored to resolve the problems created by the change in circumstances." *Id.* Even if this Court were to find that such a change in circumstance had occurred, which it declines to do in this case, the Division's proposed modification is not suitably tailored to resolve the Medicare recovery problem. It is the opinion of this Court that the Division is attempting to resolve what is essentially an administrative problem by simply shifting the burden onto the hospitals because they may have an easier time recovering funds from Medicare. The Division has offered nothing in the way of compensation to the hospitals for their services (although the hospitals have indicated that they would be willing to enter into such an agreement) and thus the modification it proposes does not resolve the problem, it simply redirects the responsibilities created by it. Thus, the modification is not suitably tailored under the *Rufo* standard to resolve the problem created by the CMS policy as stated in SMDL #03-004.[3]

Given that our Supreme Judicial Court has made a detailed analysis of this third-party liability issue and given that the defendant has only provided this Court with additional support for arguments the SJC has already considered, this Court cannot find that "it is no longer equitable that the judgment should have prospective application." Mass. R. Civ. P. 60(b)(5). Additionally, this Court refuses to accept a modification that is tailored to resolve a billing problem by shifting the responsibility onto the hospitals when they have done everything they are required to do to anticipate and/or alleviate the problem.

---

[3] Although the SJC did not have the issue of tailoring before it, its decision, as quoted above, was clearly based upon a similar reluctance to burden the hospitals with the Division's recovery problem. 439 Mass. 1, at 14.

**ORDER**

For the foregoing reasons, it is hereby **ORDERED** that the defendant's Motion to Modify Declaratory Judgment is **DENIED**. The parties have agreed upon a judgment that would enter in the event that this court denied the defendant's motion and that order shall issue at this time.

John C. Cratsley
Superior Court Justice

DATE: July 28, 2004